IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


OHIO VALLEY ENVIRONMENTAL
COALITION, INC., et al.,

        Plaintiffs,

v.                                      Civil Action No. 1:11MC35
                                                          (STAMP)
UNITED STATES ARMY CORPS OF
ENGINEERS, et al.,

        Defendants.


                   **MEMORANDUM OPINION AND ORDER**
             **CONFIRMING PRONOUNCED ORDERS ON OBJECTION**
              **AND MOTION TO QUASH SUBPOENAS DUCES TECUM**

                          I.  Background

     On December 29, 2011, non-parties Michael Hendryx, Ph.D. and West Virginia University, filed objections and motion to quash subpoenas duces tecum served upon these non-parties on December 19, 2011 in the matter styled Ohio Valley Environmental Coalition, Inc., et. al. v. United States Army Corps of Engineers, et al., Case No. 3:11cv149, currently pending in the United States District Court for the Southern District of West Virginia, Huntington Division.

     On January 3, 2012, the resolution of this motion was transferred to the undersigned judge by the Honorable Irene M. Keeley.  In consideration of the January 11, 2012 response date for the subpoenas, the Court scheduled an expedited hearing on the matter for January 6, 2012 and directed any interested party to file a response to the motion by January 5, 2012.  Highland Mining Company, the issuer of the subpoenas duces tecum, filed a timely

response in opposition. The movants and Highland Mining Company subsequently appeared by counsel before this Court at the January 6, 2012 hearing.

At this hearing, the parties explained that the subjects of the subpoenas are documents, research and other materials related to studies conducted by movant Dr. Hendryx in his capacity as a professor at the University of West Virginia.[1] Specifically, the research sought is that which resulted in three particular articles published in 2011. The nonmovant admitted that the subjects of the subpoenas have only become relevant to the underlying action as a result of a pending motion by the plaintiffs' for leave to file a supplemental complaint. It appears that the Honorable Robert C. Chambers, who is presiding over the underlying action, may not have yet ruled on this motion.

As a result of this admission, this Court at the hearing expressed concern about the possible prematurity of both the subpoenas duces tecum and the motion to quash the same. Further, the parties informed the undersigned that a motion for protective order has been filed by the plaintiffs in the underlying case, which motion concerns the same subpoenas which are the subject of the instant motion to quash.[2] However, neither party appearing

---

[1] The West Virginia University Board of Governors is a co-movant in his case in the capacity of representative of the University of West Virginia, which has also been subpoenaed to produce research relating to Dr. Hendryx's relevant research.

[2] On January 6, 2012, the Honorable Robert C. Chambers issued an Order staying this motion for protective order pending the

before the Court could confirm the status of either of these motions, nor could either party say whether the subpoenas and, as a result, the motion to quash, were premature prior to Judge Chambers' ruling on the motion for leave to file a supplemental complaint. Therefore, this Court found that for the time being, and given the January 11, 2012 date designated by the Highland Mining Company for the movants to provide the documents under the subpoena duces tecum, a finding on the merits of the motion to quash was appropriate.[3]

In accordance with this finding, this Court entered multiple rulings with regard to the motion to quash and the subpoenas duces tecum. First, this Court denied the motion to quash, in part, and modified the subpoenas duces tecum. The deadline for response to the subpoenas was vacated generally and the further handling of the subpoenas duces tecum and the motion to quash was referred to United States Magistrate Judge James E. Seibert. Further, the movants were directed to file all non-privileged material sought, as well as a privilege log[4] of all relevant material which the movants believe to be privileged or otherwise protected on or

---

resolution of the plaintiff's motion for leave to file a supplemental complaint.

[3]It is noted that Judge Chambers' ruling on the pending motion for leave to file a supplemental complaint may well render the subpoenas duces tecum which are the subject of this memorandum opinion and order moot. In light of this recognition by this Court, the parties are directed to notify this Court when Judge Chambers enters a ruling on that motion.

[4]Pursuant to Local Rule of Civil Procedure 26.04(a)(2).

3

before February 6, 2012. All documents, as well as the privilege log were directed to be filed in camera with the magistrate judge unless Magistrate Judge Seibert directs otherwise.

This memorandum opinion and order will confirm the pronounced Orders entered at the January 6, 2012 hearing.

## II. Applicable Law

Rule 45 of the Federal Rules of Civil Procedure deals with subpoena practice in federal district court. Federal Rule of Civil Procedure 45(c)(3) requires a district court to quash or modify subpoenas duces tecum "upon motion" when the movant can show that the subpoena: "(i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides . . . to attend a trial . . .; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

The district court charged with deciding a motion to quash a subpoena pursuant to Federal Rule of Civil Procedure 45 has great discretion in determining whether any of the Rule 45(c)(3) factors have been successfully demonstrated. See Sheet Metal Workers Int'l Ass'n v. Sweeney, 29 F.3d 120 (4th Cir. 1994); 9A Wright and Miller Federal Practice and Procedure, Civ. 3d § 2463.1. Further, the burden for showing that a subpoena must be quashed under Rule 45(c)(3) is at all times on the movant. If a movant claims that the subject of a subpoena is privileged, that movant has the burden

of proof for substantiating that claim.  Sheet Metal Workers, 29 F.3d at 125 (discussing burden to show applicability of attorney-client privilege).  Similarly, the party claiming undue burden as a basis for a motion to quash is held to a high burden of proof which requires the party to demonstrate the actual "manner and extent of the burden and the injurious consequences of insisting compliance with the subpoena."  9A Wright and Miller, Federal Practice and Procedure, Civ. 3d § 2463.1.

The determination of whether or not to quash a subpoena must be driven by the facts of the case, including the issuing party's need for the information which is subject to a subpoena duces tecum.  Further, district courts have the power to modify subpoenas duces tecum in lieu of quashing them should the court, in its discretion, determine that justice so requires.  Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004).

### III. Discussion

In their memorandum in support of the motion to quash, as well as at the motion hearing before this Court on January 6, 2012, the movants advanced undue burden and privilege as alternative grounds to quash the instant subpoenas pursuant Federal Rule of Civil Procedure 45(c)(3).  This Court addressed each of these in turn, and will do so here as well.

Initially, this Court held that the movants have failed to carry the heavy burden of establishing undue burden in this case.  In support of their contention of undue burden, the movants stated

that, "Defendant's subpoenas seek twenty different categories of documents, six of which contain subcategories with up to ten subcategories.  The breadth and scope of the subpoenas, and the many, many hours necessary to compile such information is an unreasonable burden."  ECF No. 2, *2-3.  At the hearing, the movants further argued that the subpoenas were overly broad and would require them, as non-parties, to comb through vast amounts of electronically stored data which was collected over two years and not organized in anticipation of litigation.  They asserted they would also need to have attorneys review the data before it could be produced.  However, counsel for movants were unable to state the number of documents involved or describe with any specificity the nature of the documents and whether these documents had even been reviewed in connection with the motion to quash.

This Court is of the opinion that these arguments by the movants constitute blanket assertions of undue burden and fail to meet the high burden of showing, with particularity, the source and extent of the burden claimed.  See Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999).  At the hearing, this Court quoted Wright and Miller to this point, who state that "a subpoena need not necessarily be quashed because the documents themselves are voluminous and cumbersome and significant difficulty and expense will be involved in producing them. Subpoenas of this kind are inevitable in the type of highly complex cases that are now common in the federal courts."  § 2459.

Further, with the prolificacy of extensive electronic discovery in modern litigation, the argument that a subpoena requests large amounts of materials which would require a significant amount of time to produce is often insufficient to show undue burden. Id. In situations such as this, a Court may choose the favorable route of modifying, rather than quashing, a subpoena duces tecum. Wiwa, 392 F.3d at 818; 9A Wright and Miller § 2459.

In sum, because broad assertions that the documents sought were voluminous and would be time consuming and expensive to produce were the sole arguments advanced by the movants to the contention of undue burden, and because the movants failed to provide any corroborating specific evidence to show with particularity the actual extent of time, effort and cost that would go into production, this Court declined to quash the subpoena on this ground.

The Court then addressed the movants' contention that much of the material sought by the subpoenas is likely confidential, privileged, or otherwise protected. In support of this argument, the movants maintained that much of the research conducted by Dr. Hendryx was done under an agreement with the research study participants that all information would be kept confidential. Further, they contended that a significant portion of the data amounts to medical records and that even more is "prohibited from disclosure pursuant to a National Center for Health Statistics Data Use Agreement for Vital Statistics Data Files (DUA)." ECF No. 2,

*3. It was also argued that producing much of the information and data sought would have a chilling effect on further research by Dr. Hendryx such that it should fall under the protections of a researchers privilege or academic freedom under the First Amendment of the United States Constitution.

After discussion with the parties regarding these arguments, the Court determined that the movants were unable to identify specifically which documents would be considered confidential or otherwise protected at this point. Thus, although the movants were unable to carry their burden of showing that items requested should be protected, this Court indicates that it was not insensitive to the privilege argument advanced, or that such a showing may be possible as the movants compile the information for production. As a result, the Court exercised its power to modify the subpoenas and stayed the date for filing the requested documents generally. Further, in order to determine the merit of any confidentiality or privilege claims with regard to particular documents and data to be produced as it is compiled, the Court directed the movants to file a privilege log, pursuant to Local Rule of Civil Procedure 26.04(a)(2), as well as all documents and data deemed to be non-confidential by the movants, in camera, on or before February 6, 2012.[5] Finally, this Court informed the parties that all further proceedings relating to the subject subpoenas duces tecum and the claim of privilege or confidentiality, as well as the in camera

---

[5]This date was agreed to by the parties in this proceeding.

submissions directed by this Court, were referred to Magistrate Judge James E. Seibert.

IV. Conclusion

For the reasons stated above, the movants' objections and motion to quash subpoena duces tecum is confirmed as DENIED. Further, the subject subpoenas duces tecum are confirmed as MODIFIED as follows:

> 1. The January 11, 2012 production date is hereby VACATED GENERALLY.
>
> 2. The movants are DIRECTED to provide a privilege log pursuant to Local Rule of Civil Procedure 26.04(a)(2) as well as all responsive material deemed to be non-privileged and otherwise not protected to Magistrate Judge James E. Seibert for in camera review on or before **February 6, 2012** unless Magistrate Judge Seibert otherwise directs.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the Honorable Robert E. Chambers, United States District Judge, to the Honorable James E. Seibert, United States Magistrate Judge, to counsel of record in the underlying case, and to counsel of record in this action.

DATED: January 12, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE